IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL E. McKINZEY, SR.,** | ) | **CONSOLIDATED CASES** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 09-0184-CV-W-GAF** |
| | ) | |
| **MISSOURI DIVISION OF CHILD** | ) | |
| **SUPPORT ENFORCEMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| **MICHAEL E. McKINZEY, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 09-0189-CV-W-GAF** |
| | ) | |
| **DIRECTOR OF THE MISSOURI** | ) | |
| **DEPARTMENT OF REVENUE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING MOTIONS TO DISMISS

Presently before the Court are Defendants Missouri Division of Child Support Enforcement ("MDCSE"), State of Missouri, Janel R. Luck, Governor Matt Blunt, and Aaron M. Seamonds' (collectively "the Child Support Defendants") and Defendants Omar D. Davis (in his capacity as the Director of the Missouri Department of Revenue), the Missouri Department of Revenue ("MDOR"), and Governor Matt Blunt's (collectively "the MDOR Defendants") Motions to Dismiss *pro se* Plaintiff Michael E. McKinzey, Sr.'s ("Plaintiff") claims against them pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), or 12(b)(6). (Case No. 09-0184-CV-W-GAF ("09-184"), Doc. #16; Case No. 09-0189-CV-W-GAF ("09-189"), Doc. #16). For the following reasons, both Motions are GRANTED and Plaintiff's claims are DISMISSED.

1

**DISCUSSION**

**I.     Facts**[1]

Plaintiff originally filed his Complaints in the United States District Court for the District of Kansas. Thereafter, the District of Kansas consolidated the two cases (09-184, Doc. #26) and transferred the cases to the Western District of Missouri on March 5, 2009. (09-184, Doc. #29). In transferring the cases, the District of Kansas stayed all proceedings. (09-184, Doc. #27). On March 12, 2009, this Court re-consolidated the two cases (09-184, Doc. #31) and then lifted the stay, granting the parties 20 days to file their respective response or reply to the pending dispositive motions. (09-184, Doc. #32).

In Plaintiff's Amended Civil Complaint[2] against the Child Support Defendants, Plaintiff alleges

> Mr. Aaron M. Seamonds, Child Support Investigator, breached [Plaintiff's] written agreement between parties to provide child support for [his] minor children that was entered on July 1, 2002 and Division of Child Support Enforcement deprived [him] of [his] constitutional right to due process of law and proper notice at [his] last known address of its administrative hearing regarding its Establishment Order for an administrative child support order filed with the Jackson County Circuit Court (02-MC201872) on July 10, 2002.

Plaintiff does not state any factual allegations regarding the State of Missouri, Ms. Luck, or Governor Blunt. Plaintiff "seek[s] an administrative hearing to appear and opportunity to be heard regarding

---

[1]All facts are taken from Plaintiff's Complaints unless otherwise noted.

[2]In response to the Child Support Defendants' Motion to Dismiss, Plaintiff filed a Motion for Leave to Amend Complaint, stating his proposed Second Amended Civil Complaint would cure any jurisdictional defects. (09-184, Doc. #22). After reviewing the parties' respective arguments and Plaintiff's proposed Second Amended Civil Complaint, the Court finds it does not cure the deficiencies in Plaintiff's Amended Civil Complaint. Because the amendment is futile, the Court DENIES Plaintiff's Motion for Leave to Amend Complaint. *See United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006) (affirming district court's order denying motion to amend complaint based on futility of amendment).

2

the Establishment Order, for Child Support Enforcement and proper notice at [his] last known address, that was entered with the Jackson County Circuit Court on July 10, 2002." He further requests actual damages but does not state the amount he is seeking. Plaintiff also represents he instituted administrative proceedings on five occasions, each time relief was denied, but does not state the dates of these actions, the relief sought, or to what agency they were presented.

In Plaintiff's Civil Complaint filed against the MDOR Defendants, Plaintiff alleges the "Missouri Dept. of Revenue deprived [him] of [his] property without due process of law and proper notice at [his] last known address before taking [his] monetary property and without an opportunity to be heard." Plaintiff makes no factual allegations against Governor Blunt and Mr. Davis or the Director of the MDOR. Plaintiff asserts jurisdiction is proper in this Court pursuant to the Fifth Amendment, 42 U.S.C. § 1983[3], and 28 U.S.C. § 1332. He "seek[s] to be given proper notice and a hearing so that [he] may appear and heard regarding being deprived [of his] monetary property." Plaintiff further requests actual damages for an unstated amount, pre-judgment interest, costs, and reasonable attorney's fees.

**II.     Standard**

When considering a motion to dismiss, the Court treats all well-pled facts as true and grants all reasonable inferences therefrom in favor of the non-moving party. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, the Court is not required to accept the pleader's legal conclusions. *Id.* While the Court construes a *pro se* plaintiff's complaint liberally, *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (*citing Haines*, 404 U.S. at 520-21), the *pro se* complaint "'still

---

[3]The Court assumes Plaintiff meant to assert his claim under 42 U.S.C. § 1983 even though he noted "Title 28, Section 1983" in his jurisdictional statement. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding *pro se* plaintiffs' pleadings to a less stringent standard than attorney-drafted pleadings).

3

must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (*quoting Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

Fed. R. Civ. P. 12(b)(6) provides that a cause of action may be dismissed for failing to state a claim upon which relief may be granted. A complaint need not contain detailed factual allegations; however, a plaintiff must provide more than "labels and conclusions" or a "formulaic recitation" of the elements of the cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (U.S. 2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), "no set of facts" language). Factual allegations, when taken as true, must raise more than a speculative right to relief. *Id.* at 1965. However, Plaintiff need only plead enough facts to "nudge[ his] claim across the line from conceivable to plausible." *Id.* at 1974. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he Court may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record." *In re K-tel Int'l, Inc. Sec. Litig.,* 300 F.3d 881, 889 (8th Cir. 2002) (internal citations omitted).

## III. Analysis

"[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. " *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted). This bar extends to State officials acting in their official capacity, *id.*, and agencies of a State. *See Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 463-64 (1944) (holding that a suit against a state agency is an "action against the state" within the prohibition of the Eleventh Amendment). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (consent to suit required if one of the State's agencies is named as a defendant). A State's consent to be sued in federal court must be "unequivocally expressed." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. The Supreme Court has directed that courts "find waiver only where stated 'by the most express

4

language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (*quoting Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)) (alteration in original).

The Child Support Defendants include the State of Missouri, an agency of the State, and three State officials acting in their official capacities. The MDOR Defendants include an agency of the State of Missouri and two State officials acting in their official capacities. Plaintiff makes no assertion that the Child Support Defendants or the MDOR Defendants expressly waived their right not to be sued in federal court. Therefore, the Eleventh Amendment prohibits Plaintiff from asserting his claims against them. The Motions are GRANTED and Plaintiff's claims are DISMISSED.[4]

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: April 13, 2009

---

[4]Even if Plaintiff could show the Child Support Defendants and the MDOR Defendants expressly waived their rights under the Eleventh Amendment, his claims still must be dismissed. The claims against MDCSE are barred by the *Rooker/Feldman* doctrine, which prohibits a party losing in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (citations omitted). Plaintiff did not allege sufficient facts to state a plausible claim and therefore failed to state a claim against all other Defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

Plaintiff's Motion for Summary Judgment against the Child Support Defendants (09-184, Doc. #11) is DENIED as MOOT.